# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:10-cr-00178-PMP-VCF |
| vs. | **ORDER** |
| BILLY CEPERO, | |
| Defendant. | |

Before the Court are Defendant's Motion for Production or Copy of Specific Documents (#126) and Motion to Request an Amount of Dollars to be given for Copies at NDOC (#127).

**A. Background**

On April 30, 2010, Defendant Billy Cepero made his initial appearance and arraignment and plea. Defendant pleaded not guilty to count 1 of the indictment. Defendant was temporarily detained and remanded to custody. (#8). Trial was set for June 22, 2010. *Id.* The Federal Public Defender's office was appointed as defense counsel. Trial was continued to August 31, 2010. (#19). Trial was continued again to October 19, 2010. (#25). The parties filed a stipulation and trial was continued to January 25, 2011. (#28). Trial was reset for March 23, 2011. (#36). Status conference was held on March 25, 2011 and a Stipulation to Continue Trial Date was filed. (#'s 37 & 39). Trial was continued to June 14, 2011. (#40). Trial was continued to August 30, 2011. (#46). Calendar call was held on August 24, 2011 and Jury trial was continued to October 4, 2011. (#50). On September 30, 2011, the Court held a change of plea hearing and Defendant pleaded guilty to count one of the indictment. Sentencing and disposition was set for January 23, 2012. (#58). Sentencing and disposition was reset for January 30, 2012. (#65). Sentencing and disposition was held on January 30, 2012. Sentence was imposed as to count one of the indictment and Defendant was advised of his right to file an appeal.

(#69). Judgment was entered on January 30, 2012. (#70). Motion for Appointment of Counsel was filed on February 1, 2013. (#105). Notice of Appeal was also filed on February 1, 2013. (#106). On March 12, 2013, the United States Court of Appeals for the Ninth Circuit entered an Order stating that the Notice of Appeal was not timely filed and the case was remanded to the district court for the limited purpose of permitting the district court to provide appellant notice and an opportunity to request that the time for filing the notice of appeal be extended, for a period not to exceed 30 days from the expiration of the time prescribed by Rule 4(b). (#110). On May 29, 2013, "the Court finds that Defendant has shown excusable neglect or good cause as to why he filed his original Notice of Appeal more than fourteen (14) days, but within thirty days after expiration of the time to file his Notice of Appeal under Federal Rule of Appellate Procedure 4(c)(1)." (#116). It was recommended to the United States Court of Appeals that Defendant Cepero's Notice of Appeal be deemed timely. *Id.* On August 29, 2013, Defendant filed a Motion for Production or Copy of Specific Documents. (#126). On September 5, 2013, Defendant filed a Motion to Request an Amount of Dollars to be given for Copies at NDOC. (#127). On September 10, 2013, the United States Court of Appeals entered an order granting the motion to proceed in forma pauperis and a briefing schedule was set. (#128).

**Discussion:**

The Court has recommended that Defendant Cepero's Notice of Appeal be deemed timely. (#116). On September 10, 2013, the United States Court of Appeals entered an order granting the motion to proceed in forma pauperis and a briefing schedule was set. (#128). After a notice of appeal has been filed, the District Court is divested of jurisdiction over matters being appealed. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 74 L. Ed. 2d 225, 103 S. Ct. 400 (1982) (per curiam); *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982). "This rule is judge-made; its purpose is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously." *Masalosalo v.*

*Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983); *Natural Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).

"The principle of exclusive appellate jurisdiction is not, however, absolute. (citation omitted). The district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo." *Sw. Marine Inc.*, 242 F.3d at 1166. Thus, the District Court may continue to "suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." Fed. R. Civ. P. 62(c); *Sw. Marine Inc.*, 242 F.3d at 1166. Such retained jurisdictional authority does not "restore jurisdiction to the district court to adjudicate anew the merits of the case." *Sw. Marine Inc.*, 242 F.3d at 1166. The District Court cannot, therefore, "materially alter the status of the case on appeal." *Id.*

In the present action, judgment has been entered and Defendant has filed a notice of appeal. See (#'s 70, 106). This Court lacks jurisdiction to decide the instant motions as doing so would "materially alter the status" of the present action. See *Sw. Marine Inc.*, 242 F.3d at 1166. The Court therefore denies the instant motions for lack of jurisdiction.

Accordingly and for good cause shown,

IT IS ORDERED that Defendant's Motion for Production or Copy of Specific Documents (#126) and Motion to Request an Amount of Dollars to be given for Copies at NDOC (#127) are DENIED for lack of jurisdiction.

DATED this 3rd day of October, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE